IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TANYA WOODARD,                                          Case No. 1:11-cv-3092-CL

          Plaintiff,

                                           ORDER

    v.

FORD MOTOR COMPANY, a Michigan
corporation,

          Defendant.
_____

CLARKE, Magistrate Judge.

    Plaintiff Tanya Woodard ("Woodard"), appearing *pro se*, brings this product liability

action against defendant Ford Motor Company ("Ford").[1] Presently before the court is Ford's

motion (#45) for summary judgment, motion (#39) to compel Woodard's deposition and

outstanding document production, motion (#41) to determine the sufficiency of Woodard's

responses to Ford's first request for admissions, and motion (#43) to compel responses to Ford's

third set of discovery requests. The parties executed written consents to entry of judgment by a

magistrate judge (#10). For the reasons stated below, the court finds this matter suitable for

_____

[1] On October 13, 2011, Wayne Ralph was dismissed as a third-party defendant by stipulation of the parties (#9).

disposition without oral argument and GRANTS Ford's motion for summary judgment and DENIES AS MOOT Ford's motions to compel Woodard's deposition and outstanding document production, determine the sufficiency of Woodard's responses to Ford's first request for admissions, and compel responses to its third set of discovery requests.

### BACKGROUND

The following facts are taken in the light most favorable to Woodard:

On September 15, 2008, Woodard purchased a 2002 Mustang designed and manufactured by Ford. On June 15, 2009, Woodard was driving in Medford, Oregon when her Mustang was rear-ended by another vehicle. Woodard alleges that on impact, the seatbelt she was wearing detached from its frame, causing her head to strike the headrest and then the steering wheel. She alleges injuries to her head, spine, wrist, knee, and ankle as a result. On July 22, 2009, Woodard hired an attorney to file a lawsuit related to the collision. At some point following Woodard's retention of the attorney, Woodard, without notifying Ford, had the Mustang fully repaired.

On June 15, 2011, and July 22, 2011, Woodard filed a complaint and a first amended complaint, respectively, in the Jackson County Circuit Court. Though she had previously retained a lawyer, Woodard filed both documents *pro se*. Woodard's first amended complaint alleges that the seat belt was defective in that (1) it failed to "remain attached to the frame" of the vehicle, (2) "excessive slack or payout of the webbing cause[ed] the belt to be snap-loaded," (3) the seatbelt mechanism "dislodged from the frame where it was bolted into," (4) the "seatbelt retractor failed to lock the seatbelt webbing properly," (5) the "seatbelt geometry allow[ed] excessive excursion," and (6) the "pretensioner and load limited fail[ed] to reduce the forward motion of" Woodard's Mustang. First Amended Complaint, ¶ 8. On August 9, 2011, Ford removed the case to state court on the basis of diversity jurisdiction.

The court held several scheduling conferences with Woodard and the attorneys for Ford and extended the deadlines for discovery and pretrial documents at the parties' request three times.  On February 12, 2013, Ford filed a motion (#39) to compel Woodard's deposition and outstanding document production and a motion (#41) to determine the sufficiency of Woodard's responses to Ford's first request for admissions.  On February 20, 2013, Ford filed a motion (#43) to compel responses to its third set of discovery requests.  Woodard did not respond to these motions.

On March 18, 2013, Ford filed a motion for summary judgment in this court, arguing that (1) Woodard willfully spoliated evidence by having her Mustang repaired, warranting the sanction of dismissal, and (2) the lack of the seatbelt system in the Mustang and lack of Woodard's expert evidence means that Woodard cannot allege a question of fact as to whether the seatbelt system was defectively manufactured or designed.  Woodard was sent a summary judgment advice notice letter and scheduling order (#51) on March 20, 2013.  Woodard did not file a response.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact.  Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).  An issue of fact is genuine "'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson, 477 U.S. at 248).

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. Put another way, summary judgment should be granted when the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. Anderson, 477 U.S. at 252. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Ford argues that summary judgment is appropriate because Woodard disposed of the case's primary evidence by having her Mustang completely repaired following the accident on June 15, 2009. Ford alleges that the fact that Woodard repaired her vehicle after she had discussed filing a lawsuit with an attorney amounts to spoliation and warrants the sanction of dismissal.

Spoliation consists of the destruction of evidence or the failure to preserve property for another's use as evidence in pending litigation. *See* Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006). A federal trial court has inherent authority to make evidentiary rulings in response to claims of willful spoliation. Glover v. BIC Corp., 6 F.3d 1318, 1328 (9th Cir. 1993).

Page 4 – ORDER

This authority "includes the power to sanction the responsible party" for failing to preserve material evidence. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc., 306 F.3d 806, 824 (9th Cir. 2002).

Before a district court imposes the sanction of dismissal, however, it must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995). While a district court is obligated to consider these factors, "the list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). For dismissal to be proper, a district court need not make explicit findings for each factor, Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir 1987) (*citation omitted*), but the conduct sanctioned must be characterized by willfulness, fault, or bad faith. A & T Siding, Inc. v. Capitol Specialty Ins. Corp., No. 3:10-CV-980-AC, 2012 WL 707100, at * (D. Or. March 12, 2012) (*citing* Leon, 464 F.3d at 958). Because the first two factors generally favor imposing sanctions, and the fourth factor generally cautions against dismissal, "the key factors [in determining whether to dismiss a case based on spoliation] are prejudice the availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

In accordance with this standard, the court considers whether Woodard's spoliation was willful, the extent the spoliation caused prejudice to Ford, and whether lesser sanctions are appropriate.

A. **Willfulness**

Generally, a party's destruction of evidence qualifies as willful spoliation if the party

"has some notice that the documents were *potentially* relevant to the litigation before they were

destroyed." Leon, 464 F.3d at 959 (*internal quotation marks and citation omitted*). That is, the

initial duty to preserve material evidence "extends to that period before the litigation when a

party reasonably should know that the evidence may be relevant to anticipated litigation."

Erlandson v. Ford Motor Co., No. 08-CV-1137-BR, 2009 WL 3672898, at *5 (D. Or. Oct. 30,

2009) (*quoting* Silverstri v. Gen. Motors Corp., 271 F.3d 583, 591 (2d Cir. 2001)); *see also*

Washington Alder LLC v. Weyerhaeuser Co., No. CV 03-753-PA, 2004 WL 4076674, at *1 (D.

Or. May 5, 2004) ("The duty to preserve relevant evidence commences prior to the filing of the

action, once the defendant reasonably anticipates an action may be forthcoming"). This rule

exists in part to ensure equal access to key evidence: "[t]he party in control of the evidence has

'an obligation to give the opposing party notice of access to the evidence…if the party

anticipates litigation involving that evidence.'" Erlandson, 2009 WL 3672898, at *5 (*quoting*

Silvestri, 271 F.3d at 591). Sanctions are not appropriate, however, if a party has no notice of

pending litigation and merely destroys evidence pursuant to a document retention policy.

Akiona v. U.S., 938 F.2d 158, 161 (9th Cir. 1991). "A party should only be penalized for

destroying documents it if was wrong to do so, and that requires, at a minimum, some notice that

the documents are potentially relevant." Id.

In this case, the court agrees with Ford that Woodard willfully spoliated material

evidence when she had her Mustang completely repaired. Having the Mustang's seatbelt system

in the same condition as it was immediately following the accident is central to Woodard's

claims: without it, there is no way to determine if the seatbelt Woodard was wearing was in fact

defective, and, if so, whether it was the cause of Woodard's injuries. Accordingly, Woodard's duty to preserve the Mustang attached when she reasonably foresaw litigation against Ford based on claims that the seatbelt was defectively manufactured or designed. Woodard clearly anticipated filing suit in this case by retaining an attorney to pursue such claims against Ford. When Woodard subsequently had her Mustang repaired without notice to Ford, she violated the duty to preserve the Mustang.

As Ford points out in its memo in support of its motion, the facts in this case are analogous to those in another products liability suit, Erlandson v. Ford Motor Company. In Erlandson, the plaintiffs, also appearing *pro se*, alleged that a faulty transmission in a minivan manufactured by the defendant caused a motor vehicle accident. 2009 WL 3672898, at *1-2. Prior to filing a lawsuit, the plaintiffs sent the defendant a letter offering to waive all claims for damages in exchange for a lump sum of money. Id. *2. The defendant informed the plaintiffs that it was forwarding the letter to its legal department. Id. Ten months later, without notifying the defendant, the plaintiffs traded in the minivan for a new vehicle. Id. The plaintiffs filed suit against the defendants and shortly thereafter disclosed that they no longer had possession of the minivan. Id. The defendant moved for summary judgment on the basis that plaintiffs' disposal of the minivan amounted to spoliation. Id. *3. The court agreed, concluding that the plaintiffs' spoliation was willful because they traded in a piece of evidence they knew or should have known was material to an anticipated lawsuit. Id. at 4. Without the minivan, the court noted, plaintiffs were not able to prove that the defective transmission caused the collision. Id. at *6.

As in Erlandson, Woodard's claims are premised on the existence of a manufacturing or design defect in a vehicle. Woodard and the plaintiffs in Erlandson both anticipated litigation: Woodard retained an attorney to file a lawsuit, and the plaintiffs in Erlandson sent the defendants

a letter stating that they might sue unless they received a lump sum.  Both Woodard and the
Erlandson plaintiffs disposed of their vehicles after they had demonstrated that they planned to
file lawsuits.  Adopting the same analysis as in Erlandson, the court concludes that Woodard
willfully spoliated evidence.

### B. Prejudice

The prejudice inquiry "looks to whether the [spoiling party's] actions impaired [the non-
spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the
case." Leon, 464 F.3d at 959 (citing U.S. v. Kahaluu Const., 857 F.2d 600, 604 (9th Cir. 1988)).
Destruction that precludes a party from inspecting evidence may create prejudice.  Unigard Sec.
Ins. Co. v. Lakewood Eng'g & Mfg. Co., 982 F.2d 363, 369 (9th Cir. 1992).  Forcing a party to
rely on evidence the opposing party's expert selects also creates prejudice, as the evidence
generally supports that party's case.  PacifiCorp v. Nw. Pipeline GP, 879 F.Supp.2d 1171, 1191
(D. Or. July 16, 2012) (citation omitted).  The existence of secondary evidence, however, may
reduce the prejudice caused by the loss of primary evidence.  Med. Lab. Mgmt. Consultants, 306
F.3d at 825.  A finding of prejudice need not be based on bad faith by the spoliating party: even
if a plaintiff was minimally culpable, "'dismissal may be necessary if the prejudice to the
defendant is extraordinary, denying it the ability to adequately defend its case.'"  Erlandson,
2009 WL 3672898, at *5 (quoting Silvestri, 271 F.3d at 593).

In the case at hand, Ford is substantially prejudiced by the repairs to Woodard's Mustang.
Woodard did not have an expert report prepared prior to fixing the Mustang, and the repairs
denied Ford the opportunity to perform its own inspection of the seatbelt system to prepare
defenses against Woodard's claims.  Moreover, no secondary evidence exists to reduce prejudice
caused by the repairs to the Mustang.  In Erlandson, the court found that the lack of the minivan

prejudiced the defendants' ability to defend against the plaintiffs' claims. Erlandson, 2009 WL
3672898, at *5. Similarly, the fact that the Mustang is now fully repaired prejudices Ford's
ability to defend against Woodard's claims.

## C. Less Drastic Sanctions

A district court should fashion a remedy which serves "'the prophylactic, punitive, and
remedial rationales underlying the spoliation doctrine." Silvestri, 271 F.3d at 590 (*quoting* West
v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). A consideration of lesser
alternatives may include a discussion of the feasibility of less drastic sanctions, an explanation of
why lesser alternatives are inappropriate, or a warning that dismissal might be possible should
the party not comply. Leon, 464 F.3d at 960.

Though drastic, the court finds that dismissal is an appropriate sanction in this case. Less
severe sanctions would not remedy the prejudice the spoliation caused Ford. Without the ability
to inspect the Mustang as it existed at the time of the accident, Ford is precluded from gaining
expert testimony as to whether the seatbelt system was in fact defective, and, assuming it was,
whether it was the cause of Woodard's injuries. As the court found in Erlandson, extreme
prejudice can warrant dismissal:

> [T]here is not any adequate substitute for the vehicle itself in adjudicating [the
> plaintiffs'] claims and [the defendant's] ability to evaluate and to defend against
> those claims. Thus, a lesser sanction than dismissal will not cure the prejudice to
> [the defendant]. As noted, however, the theories of [the plaintiffs] and [the
> defendant] cannot be tested in the absence of the actual product that is alleged to
> be defective.

Id. at *6. The court adopts a similar analysis in this case. The spoliation of Woodard's Mustang
prejudices Ford in the same way that the spoliation of the plaintiffs' minivan prejudiced the
defendants in Erlandson. While the court infers no bad faith on the part of Woodard, dismissal is
only appropriate sanction given the irreparable prejudice to Ford. Because Woodard has

spoliated evidence by failing to preserve the seatbelt system that she alleges was defective, prejudicing Ford's ability to mount a defense against her claim, summary judgment in Ford's favor is appropriate.[2]

## CONCLUSION

For the reasons stated above, the motion for summary judgment filed by Ford is GRANTED. Ford's motions to compel Woodard's deposition and outstanding document production, determine the sufficiency of Woodard's responses to Ford's first request for admissions, and compel responses to its third set of discovery requests are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this ___13___ day of JUNE, 2013

MARK D. CLARKE
United States Magistrate Judge

---

[2] Because the court resolves this motion on Ford's argument on spoliation, the court declines to discuss Ford's alternative argument that Woodard's lack of expert testimony warrants summary judgment.